**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TAMARA MCCANN,) | NO. EDCV 09-01432 SS |
| Plaintiff,) | |
| v.) | **MEMORANDUM DECISION AND ORDER** |
| MICHAEL J. ASTRUE,) | |
| Commissioner of the Social) | |
| Security Administration,) | |
| Defendant.) | |

**I.**

**INTRODUCTION**

Tamara McCann ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Agency") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Commissioner is AFFIRMED.

## II.

### PROCEDURAL HISTORY

Plaintiff filed an application for DIB and SSI on January 12, 2004 (Administrative Record ("AR") 34). She alleged a disability onset date of July 22, 2001 due to rheumatoid arthritis, fibromyalgia, narcolepsy, pain in her arms and legs, and depression, but her application was denied initially and upon reconsideration. (AR 34, 40-52). At Plaintiff's request, a hearing was held on November 3, 2005. (AR 53, 60). Plaintiff and a Vocational Expert ("VE") testified at this hearing. (AR 658, 675). The Administrative Law Judge ("ALJ") issued an unfavorable decision on January 21, 2006. (AR 18). Plaintiff sought review of the ALJ's decision before the Appeals Council, which denied her request on April 20, 2007. (AR 6).

On June 16, 2007, Plaintiff filed an appeal in this Court. (AR 703). On February 6, 2008, the parties stipulated to a voluntary remand of the case "for further development of the record, including: updating medical records; obtaining a consultative examination; and obtaining medical testimony." (McCann v. Astrue, EDCV 07-00712 SS, Docket #16 (C.D. Cal. February 6, 2008)). This Court approved the stipulation and remanded the case to the Appeals Council on February 7, 2008. (Id. at Docket #17). After the Appeals Council vacated the original decision and remanded the case to the ALJ, a hearing was held on January 20, 2009. (AR 703, 1118-40). On April 1, 2009, the ALJ again issued an unfavorable decision. (AR 682). Plaintiff did not file a written exception, so the ALJ's decision became the final decision of the

Commissioner.  (AR 683).  Plaintiff then requested judicial review by filing this action.

## IV.

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months.  Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.  20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows:

(1)   Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is found not disabled. If not, proceed to step two.

---

[1]   Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit.  20 C.F.R. §§ 404.1510, 416.910.

3

(2)   Is the claimant's impairment severe?  If not, the claimant is found not disabled.  If so, proceed to step three.

(3)   Does the claimant's impairment meet or equal one of a list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four.

(4)   Is the claimant capable of performing her past work?  If so, the claimant is found not disabled.  If not, proceed to step five.

(5)   Is the claimant able to do any other work? If not, the claimant is found disabled.  If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1); Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54.  If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the

4

claimant's residual functional capacity ("RFC"),[2] age, education, and work experience.  Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  The Commissioner may do so by the testimony of a VE or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001).  When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a VE.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

# V.

## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process and concluded that Plaintiff was not disabled within the meaning of the Social Security Act.  (AR 693).  At the first step, the ALJ observed that Plaintiff had not engaged in substantial gainful activity since January 12, 2004, the date of Plaintiff's application.  (AR 687).  At step two, the ALJ found that Plaintiff had the severe impairments of mild degenerative changes in the musculoskeletal system, a diagnosis of fibromyalgia, minor esophageal abnormalities, and depression.  (Id.).  However, the ALJ specifically found Plaintiff's depression did not

---

[2]     Residual functional capacity is "the most [one] can still do despite [one's] limitations" and represents an assessment "based on all the relevant evidence in [one's] case record."  20 C.F.R. §§ 404.1545(a), 416.945(a).

5

amount to more than a minimal limitation after considering the four broad functional areas.  (AR 688).

At the third step, the ALJ found that the severe impairments at step two did not meet or medically equal a listed impairment.  (AR 689). Next, at step four, the ALJ found that Plaintiff had no past relevant work, had a limited education, was able to communicate in English, and at 35, was a "younger individual."  (AR 692).  The ALJ found that Plaintiff had the RFC to lift and carry twenty pounds occasionally and ten pounds frequently, and was able to sit, stand or walk for six hours in an eight hour day.  (AR 689).  However, Plaintiff was precluded from prolonged walking, "working at heights, around dangerous unguarded moving machinery, or similar hazards," and was limited to entry-level, simple, repetitive, minimally stressful work requiring no contact with the general public.  (Id.).

Finally, at step five, the ALJ concluded that, based on Plaintiff's RFC, age, education, and work experience, there were jobs in the national economy that Plaintiff could perform.  According to the testimony of the VE, Plaintiff could perform work as an assembler or sorter.  (AR 693).  Accordingly, the ALJ found that Plaintiff was not disabled, as defined in the Social Security Act.  (Id.).

\\
\\
\\
\\
\\

# VI.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

# VII.

## DISCUSSION

Plaintiff contends that the ALJ failed to comply with the remand order issued by the Appeals Council. (Memorandum In Support Of Plaintiff's Complaint ("Complaint Memo.") at 2, 4). Specifically, she

contends that the ALJ failed to "'obtain evidence from a medical expert to clarify the nature and severity of the claimant's impairment'" as ordered by the Appeals Council and failed to comply with the Appeals Council's order to evaluate Plaintiff's obesity. (Id.). This Court disagrees with Plaintiff on both issues.

**A.    Plaintiff's Failure To Attend The Consultative Doctor Appointments Compels A Negative Disability Determination**

Plaintiff contends that the ALJ erred in failing to obtain the opinion of medical experts as to the severity of Plaintiff's impairment. (Complaint Memo. at 2). Upon remand from this Court, the Appeals Council instructed the ALJ to obtain evidence from a medical expert to clarify the nature and severity of the claimant's impairment. (AR 703-04). In response, the ALJ ordered two consultative examinations, one neurological and one psychiatric. (AR 687-90). However, Plaintiff failed to keep her appointments or respond to attempts to reschedule. (AR 687-88, 751-52). Plaintiff does not dispute her failure to keep her appointments, but claims that the ALJ erred in failing to obtain the testimony of a medical expert based on the available medical records or question Plaintiff regarding her failure to keep her appointments. (Complaint Memo. at 3-4). This Court disagrees with Plaintiff on both points.

The ALJ has an independent duty to "fully and fairly develop the record to assure that [a plaintiff's] interests are considered," and may schedule consultative examinations in order to fulfill this obligation. Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). However, Social

Security regulations state that if a claimant does not have a "good reason" for failing or refusing to take part in consultative examinations or tests arranged by the ALJ, then the ALJ may make a negative disability determination based solely on their failure to appear. 20 C.F.R. § 416.918(a) ("If you are applying for benefits and do not have a good reason for failing or refusing to take part in a consultative examination or test which we arrange for you to get information we need to determine your disability or blindness, we may find that you are not disabled."); see also Kreidler v. Barnhart, 385 F. Supp. 2d 1034, 1037 (C.D. Cal. 2005) ("Plaintiff's repeated failures to attend the consultative examinations scheduled for her constitute a failure to cooperate sufficient to warrant termination of her disability benefits."); Keach v. Barnhart, 2004 WL 859331, at *6 (N.D. Cal. 2004) ("an individual who refuses to attend a consultative examination may, as a consequence, be found not disabled."). If a claimant has a good reason for failing to appear, the Agency will reschedule the examination. § 416.918. It is up to the claimant to provide good cause for failing to appear at scheduled appointments. Id. An ALJ has no obligation to search for an explanation for the claimant's failure to appear. See id.

Here, Plaintiff failed to appear for either of the two consultative examinations schedule by the ALJ and failed to respond to attempts to reschedule. On August 5, 2008, the Agency notified Plaintiff of the time and place of her consultative appointments. (AR 688, 753). On September 4, 2008, the Agency sent Plaintiff a letter to remind her of these appointments. (AR 752). When the Agency learned that Plaintiff had failed to appear at the consultative examinations, (AR 688, 690,

751, 752), it sent Plaintiff and her legal representative a letter regarding her failure to go to the scheduled appointments and instructed her to call to reschedule. (AR 688, 752). There is no evidence that Plaintiff attempted to reschedule the missed appointments. Neither Plaintiff nor her attorney have established, or even attempted to argue, that she had "good cause" for missing the scheduled appointments. (See Complaint Memo. at 3-4). Therefore, the ALJ was entitled to deny Plaintiff's application for benefits solely for this reason.

Furthermore, the ALJ fulfilled his duty to develop the record by scheduling consultative examinations to evaluate Plaintiff's alleged impairments. Although the Appeals Council ordered the ALJ to "[o]btain evidence from a medical expert to clarify the nature and severity of the claimant's impairment," (AR 704) the ALJ was prevented from doing so by Plaintiff's failure to attend her scheduled examinations. (AR 690). Based on the medical records that were available, the ALJ determined that there was no ambiguity or inadequacy in the evidence that would require him to conduct further inquiry. (AR 690-91). Because there was no new medical evidence due to Plaintiff's failure to attend her consultative examinations, it was unnecessary for the ALJ to take further steps, such as call an additional medical expert. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (stating that the ALJ's duty to develop the record is triggered by ambiguous evidence or the ALJ's finding that the record is inadequate for proper evaluation of the evidence).

In sum, the ALJ was entitled to make a negative disability determination based upon Plaintiff's failure to attend the consultative

examinations and her failure to offer any explanation or good cause for missing those examinations.  Moreover, the ALJ was not required to call an additional medical expert because there was no new medical evidence in the record due to Plaintiff's failure to attend her consultative examinations.  Accordingly, remand is not required.

**B.    The ALJ Was Not Required To Analyze The Impact Of Plaintiff's Obesity**

Plaintiff also contends that remand is required because the ALJ failed to specifically address the limitations caused by Plaintiff's obesity.  (Complaint Memo. at 4).

As an initial matter, regardless of her impairments, the ALJ was entitled to deny benefits as a sanction for Plaintiff's failure to appear at her consultative examinations.  See 20 C.F.R. § 416.918(a). Accordingly, any error in failing to consider Plaintiff's obesity was harmless.  See Carmickle v. Comm'r, Social Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) (holding that an ALJ's error in a Social Security benefits hearing is harmless where it does not change the outcome of the benefits determination).

Moreover, even without Plaintiff's missed appointments, the ALJ only has the duty to independently consider Plaintiff's alleged obesity when certain factors are met.  See Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003).  Obesity should be considered as a factor in a claim of disability if it was implicitly raised by the plaintiff's reported symptoms, clear from the record that the plaintiff's obesity was at

11

1  least close to the listing criterion and was a condition that would

2  exacerbate her reported illnesses, and, in light of the plaintiff's <u>pro</u>

3  <u>se</u> status, the ALJ's observation of the plaintiff and the information

4  on the record should have alerted him to the need to develop the record

5  in respect to her obesity.   <u>Id.</u>

6

7       Plaintiff does not meet the <u>Celaya</u> requirements.  Plaintiff did not

8  explicitly or implicitly allege obesity as a factor in her disability

9  claim.  There was no evidence before the ALJ, and none in the record,

10  indicating that Plaintiff's weight limited her functioning in a way that

11  would require the ALJ to independently consider the impact of her

12  weight.  <u>See</u> <u>Burch v. Barnhart</u>, 400 F.3d 676, 682 (9th Cir. 2002)

13  (stating that where the record was silent as to whether and how a

14  plaintiff's obesity might have exacerbated her condition, plaintiff did

15  not specify which listing she believed she would have met or equaled had

16  her obesity been considered, and she did not present other evidence at

17  the hearing that her obesity impaired her ability to work, then the ALJ

18  need not independently consider the impact of a plaintiff's obesity).

19  Indeed, at the time of the hearing, Plaintiff was not considered obese.

20  During the hearing she stated that she was 5'6" tall and weighed 180

21  pounds.  (AR 1121).  As Plaintiff notes in her brief, to be medically

22  obese, Plaintiff needed a "BMI" of 30.0 or above.  (Complaint Memo. at

23  5).  At 5'6' and 180 pounds, Plaintiff concedes that her BMI was 29.0,

24  which does not establish obesity.  (<u>Id.</u>).  Furthermore, Plaintiff was

25  represented by counsel at the second hearing, who did not seek to have

26  the ALJ address the impact of Plaintiff's obesity.  (AR 1120); <u>see also</u>

27  <u>Celaya</u>, 332 F.3d at 1182.

28  \\

In sum, any error in failing to consider Plaintiff's obesity was harmless because the ALJ was entitled to deny Plaintiff's claim based solely on her missed appointments.  However, even ignoring Plaintiff's missed appointments, the ALJ did not commit a reversible error in failing to consider the possible impact of Plaintiff's weight on her symptoms.

## VIII.

## CONCLUSION

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[3] IT IS ORDERED that judgment be entered AFFIRMING the decision of the Commissioner and dismissing this action with prejudice. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: July 15, 2010.


                                        /S/
                                        SUZANNE H. SEGAL
                                        UNITED STATES MAGISTRATE JUDGE

---

[3]   This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

13